IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

SHEILA R. MCGUIRE,            )
                              )
            Plaintiff,        )
                              )
v.                            )         Case No. CIV-16-191-KEW
                              )
NANCY A. BERRYHILL, Acting    )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

## OPINION AND ORDER

Plaintiff Sheila R. McGuire (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED to Defendant for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 47 years old at the time of the ALJ's decision. Claimant completed her education through the eighth grade. Claimant has worked in the past as a nurse's assistant at a nursing home. Claimant alleges an inability to work beginning March 1, 2011 due to limitations resulting from lower back and right shoulder pain, osteoarthritis, generalized pain, high blood pressure, bladder

3

problems, and insomnia.

**Procedural History**

On November 14, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income benefits under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 15, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") James Bentley in McAlester, Oklahoma. By decision dated September 30, 2014, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on April 6, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a range of sedentary work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) ignoring probative evidence related to Claimant's shoulder and cervical spine impairments; and (2) reaching an unsupported RFC which failed to adequately address Claimant's bilateral shoulder and cervical spine impairments.

**Consideration of the Medical Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairments of osteoarthritis, mild right acromioclavicular joint arthropathy, and obesity. (Tr. 14). The ALJ determined Claimant retained the RFC to perform a range of sedentary work. Claimant could occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs but never climb ladders, ropes, or scaffolds. Claimant required a sit/stand option defined as a temporary change in position every 20 minutes and without leaving the workstation so as not to diminish pace or production. (Tr. 16).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of document preparer, telephone clerk, and charge account clerk, all of which he found existed in sufficient numbers in the regional and national economies. (Tr. 21). As a result, the ALJ determined Claimant was not disabled from March 1, 2011 through the date of the decision. Id.

Claimant contends the ALJ ignored probative medical evidence related to her shoulder and cervical spine impairments. Claimant specifically contends the ALJ failed to account for Dr. Jack Howard's consultative examination findings. Dr. Howard examined Claimant on June 28, 2013. Among his findings, Dr. Howard stated that Claimant experienced pain with elevation of the right shoulder. She demonstrated a slow gait with decreased balance. Heel to toe walking was accomplished with a rolling walker. (Tr. 365). The ALJ did not reference Dr. Howard's finding that Claimant's range of motion of the cervical spine was 35 degrees out of 50 degrees, extension was 40 degrees out of 60 degrees, left rotation was 40 degrees out of 80 degrees, and right rotation was 40 degrees out of 80 degrees. (Tr. 369). The ALJ also did not recognize the reduced range of motion of Claimant's left shoulder abduction which was 80 degrees out of 150 degrees in supination, left shoulder forward elevation of 90 degrees out of 150 degrees, and shoulder adduction of 20 degrees out of 30 degrees. Her right should abduction was 90 degrees out of 150 degrees, forward elevation was 80 degrees out of 150 degrees and adduction was 20 degrees out of 30 degrees. He also noted pain with elevation. (Tr. 367).

These findings were in conformity with the assessment on March

17, 2010 by Dr. Paul Chin. Dr. Chin noted Claimant's left shoulder pain and tenderness in the right shoulder joint. (Tr. 330). The ALJ also did not recognize the MRI performed July 7, 2009 which indicated mild AC joint arthropathy, mild cystic degenerative changes in the lateral aspect of the humeral head. (Tr. 283).

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). By failing to acknowledge the substantial record of Claimant's consistent shoulder and cervical pain requiring treatment, the ALJ fell short of his obligation to consider the evidence which supported additional restrictions in his ability to engage in basic work activities. On remand, the ALJ shall consider this evidence in the formulation of the RFC.

## RFC Determination

Claimant makes the related argument that the ALJ failed to consider the above evidence in assessing the restrictions which

should have been considered in the RFC. The ALJ considered Claimant's right AC joint arthropathy to be a severe impairment at step two. (Tr. 14). He failed to consider the extent of the limitations bilaterally in Claimant's shoulders and cervical spine in the subsequent steps, including the RFC assessment, when the medical evidence supported significant range of motion problems with these areas.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between

an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). On remand, the ALJ should consider the effects of Claimant's consistent shoulder and cervical spine problems upon the RFC.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED to Defendant for further proceedings**.

IT IS SO ORDERED this 11th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE